BEFORE THE THIRD DIVISION, MAY 12, 1948

No. 52321.—G. R. Kirk Co. v. United States, petition 6532–R (St. Albans).

Opinion by CLINE, J. The petition was dismissed.

No. 52322.—S. S. Kresge Co. v. United States, petitions 6535–R and 6542–R (Baltimore).

Opinion by CLINE, J. The petitions were dismissed.

BEFORE THE FIRST DIVISION, MAY 14, 1948

No. 52323.—Saji Trading Co., Ltd. v. United States, protests 75477–K, etc. (Los Angeles).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the merchandise consists of small figures similar in all material respects to those the subject of United States v. Okuda (23 C. C. P. A. 46, T. D. 47713) and Abstract 47064 the claim at 35 percent under paragraph 205 (e) was sustained.

No. 52324.—Far East Co. et al. v. United States, protests 87095–K, etc. (San Francisco).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that certain items of the merchandise are similar in all material respects to the articles the subject of Rolls Razor, Inc. v. United States (6 Cust. Ct. 271, C. D. 480) and Abstract 51306 the claim at 20 percent under paragraph 1558 was sustained. Kumquats stipulated to be the same as those involved in United States v. Fung Chong Co. (34 C. C. P. A. 40, C. A. D. 342) were held properly dutiable at 1 cent per pound under paragraph 743 as oranges.

No. 52325.—K. Sakai Co. v. United States, protest 65866–K (San Francisco).

Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise consists of dried, unsalted fish the same in all material respects as that passed upon in Abstract 50242 the claim at 1¼ cents per pound under paragraph 717 (c) was sustained.

No. 52326.—Pacific Trading Co. v. United States, protest 66868–K (San Francisco).

Opinion by Cole, J. In accordance with stipulation of counsel that the merchandise consists of dried, unsalted fish the same in all material respects as that passed upon in Abstract 50242 the claim at 1¼ cents per pound under paragraph 717 (c) was sustained.

**No. 52327.**—Roche-Organon, Inc., et al. v. United States, protests 130317–K, etc. (New York).

Opinion by Cole, J. It was stipulated that the merchandise consists of estrogenic substances the same in all material respects as the hormone passed upon in Roche-Organon, Inc. v. United States (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

Before the Second Division, May 14, 1948

**No. 52328.**—R. E. Miller, Inc., et al. v. United States, protests 841628–G, etc. (New York).

Opinion by Lawrence, J. The protests were dismissed.

Before the Third Division, May 14, 1948

**No. 52329.**—Kwong Yick & Co. et al. v. United States, protests 963136- G, etc. (San Francisco).

Opinion by Cline, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of United States v. Fung Chong Co. (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 was sustained.

**No. 52330.**—Wo Kee & Co. v. United States, protest 939575–G (San Francisco).

Opinion by Cline, J. In accordance with stipulation of counsel and following the decisions cited, the protests were sustained as follows: (1) Apricot kernels similar in all material respects to those the subject of Abstract 34104 were held dutiable at 3 cents per pound under paragraph 762; and (2) lotus nuts the same as those involved in Oy Wo Tong Co. v. United States (5 Cust. Ct. 70, C. D. 372) were held entitled to free entry under paragraph 1669 as crude drugs.

**No. 52331.**—Fung Chong & Co. v. United States, protest 969279–G (San Francisco).